NO. 07-11-0508-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 16, 2012

_____

LUCIANO RAMIREZ-CERVANTES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 61,176-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Appellant timely filed a notice of appeal challenging the trial court's *Order of Deferred Adjudication* for possession of a controlled substance. According to the order, pursuant to a plea bargain, Appellant was placed on deferred adjudication community supervision for four years. However, in the *Trial Court's Certification of Defendant's Right of Appeal*, the trial court checked "is not a plea-bargain case, and the defendant has the right of appeal." Because these two options are mutually exclusive, either the

*Order of Deferred Adjudication* or the trial court's certification appears defective. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex.Crim.App. 2005).

Therefore, we now abate this appeal and remand this cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to either enter a corrected *Order of Deferred Adjudication Nunc Pro Tunc* or secure a proper *Trial Court's Certification of Defendant's Right of Appeal* in compliance with Rule 25.2(d).[1] Once a corrected order or properly completed certification has been executed, the same shall be included in a supplemental clerk's record. *See* Tex. R. App. P. 34.5(a)(12). The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court within 30 days of the date of this order. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the potentially defective certification. If a supplemental clerk's record containing a corrected order or proper certification is not filed in accordance with this order, this cause will be referred to this Court for further action. *See* Tex. R. App. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.

---

[1]Because the certification of record already contains the defendant's signature acknowledging notification of his rights pursuant to Rule 25.2(d), the defendant's signature on the amended certification is not required.